# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAY PINEDA,

                    Petitioner,

    v.

WILLIAM HUTCHINS, et al.,

                    Respondents.

Case No. 2:20-cv-02312-GMN-BNW

**ORDER**

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Following review of the petition, its attachments, and the state court records in Petitioner Ray Pineda's criminal case and appeals,[1] the Court will order petitioner to show cause why it should not be dismissed as untimely.[2]

**Background**

Pineda challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County ("state court"). A jury found him guilty of second-degree murder with use of a deadly weapon. On October 12, 2000, the state district court entered a judgment of conviction and sentenced him to life with the possibility of parole after 10 years and an equal and consecutive term for the deadly weapon enhancement. Pineda appealed and the Nevada Supreme Court reversed and remanded for a new trial. After being re-tried, a jury convicted Pineda of second-degree murder with use of a deadly weapon. On May 25, 2006, the state entered a judgment of conviction and sentenced him to life with the possibility of parole after 10 years and an equal and

---

[1] Petitioner has attached only some of the written findings of the state courts to his petition. However, the dockets of his criminal action and appeals are available online, and the Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts, which may be accessed by the public online at: www.washoecourts.com and www.caseinfo.nvsupremecourt.us/public/caseSearch.do .

[2] Petitioner has filed a motion for appointment of counsel, which the Court defers consideration of until after petitioner has responded to this order to show cause.

consecutive term for the deadly weapon enhancement.

On February 5, 2009, Pineda filed a state postconviction habeas petition. The state district court granted the petition in part permitting a late appeal from the judgment of conviction. Pineda appealed. On July 22, 2013, the Nevada Supreme Court affirmed the conviction. The state district court conducted an evidentiary hearing on the remaining claims of ineffective assistance of counsel raised in Pineda's state habeas petition. The state district court denied the remaining claims and on April 15, 2015, the Nevada Supreme Court affirmed the denial of the petition. On May 13, 2015, remittitur issued.

Pineda previously challenged this same judgment of conviction in federal court. *Pineda v. Williams*, Case No. 3:16-cv-00187-RCJ-WGC (D. Nev.). After granting in part respondents' motion to dismiss finding certain grounds unexhausted, the Court instructed petitioner to choose how to proceed and petitioner filed a motion for stay and abeyance. *Id.* at ECF Nos. 23, 24. The Court denied petitioner's motion for stay and abeyance and instructed petitioner to elect to either abandon his unexhausted grounds and proceed on his exhausted grounds or dismiss his petition in order to return to state court to exhaust his unexhausted claims. *Id.* at ECF No. 29. Pineda elected to dismiss his petition in order to return to state court to exhaust his unexhausted claims and on November 6, 2018, the Court dismissed his petition without prejudice. *Id.* at ECF No. 36.

On May 11, 2018, Pineda filed a state habeas petition. The state court denied his state habeas petition as untimely and successive. The Nevada Court of Appeals affirmed finding petitioner failed to demonstrate good cause and actual prejudice. On February 27, 2019, Pineda filed another state habeas petition. The state court dismissed his state habeas petition because he did not indicate that he served the Attorney General's Office or otherwise cure the defect. The Nevada Court of Appeals affirmed.

On December 21, 2020, Pineda dispatched the instant federal habeas petition for filing. ECF No. 1.

**Discussion**

**I.     Timeliness**

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a

response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The judge may also dismiss claims at screening for procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitation period for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period, i.e., 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The AEDPA limitation period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period of time between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). And no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1007.

Here, Pineda's conviction became final when the time expired for filing a petition for writ of certiorari with the Supreme Court of the United States on October 20, 2013. The Court assumes, without deciding, that the limitations period was tolled during the pendency of Petitioner's remaining state habeas claims originally filed in February 2009 until remittitur issued on Nevada Supreme Court's order affirming the state district court's denial of the petition on May 13, 2015. As such, the limitations period would have started to run on May 14, 2015. Accordingly, the statute

of limitations expired 365 days later, or on May 14, 2016.

Although Pineda filed a state postconviction petition on May 11, 2018, it was almost two years after the expiration of the federal statute of limitations and thus could not have tolled an already expired limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Even if the state habeas petition had been filed before the statute of limitations expired, however, it would not have tolled the limitations period anyway, as the petition was untimely in the state courts and denied as such. An untimely state petition is not "properly filed" and thus does not toll the federal statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Additionally, although Pineda filed a federal habeas petition in March 2016, no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1007.

Therefore, absent another basis for tolling or delayed accrual, the statute of limitations expired on or about May 14, 2016, and Pineda's petition is untimely on its face. Pineda must show cause why the petition should not be dismissed with prejudice as time-barred under § 2244(d).

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).

Petitioner further is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, i.e., tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998).

## II.     Resolving the Filing Fee

When Pineda initiated this proceeding, he filed an application to proceed *In Forma Pauperis*. Following review of his application, the supporting documents showed that he was able to pay the $5 filing fee. The Court denied his IFP application and instructed him to pay the $5 filing fee no later than February 5, 2021. (ECF No. 3.) A receipt of payment of the filing fee was recorded on January 27, 2021. (ECF No. 4.) Another receipt of payment of the filing fee was recorded on February 1, 2021. (ECF No. 5.) The Clerk of Court is instructed to refund the February 1, 2021 payment of the $5 filing fee to petitioner.

**IT IS THEREFORE ORDERED:**

1. Pineda must show cause in writing within 30 days of the date of entry of this order why this action should not be dismissed as untimely. If Pineda does not timely respond to this order, the petition will be dismissed with prejudice without further notice. If Pineda responds but fails to show specific, detailed, and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.

2. Any assertions of fact Pineda makes in response to this order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made in a declaration under penalty of perjury based upon personal knowledge, or that are not supported by competent evidence Pineda filed in the federal record. Pineda must attach copies of all materials upon which he bases his argument that the

petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

3. The Clerk of the Court is instructed to refund the February 1, 2021 payment of the $5 filing fee to Pineda.

DATED: June 11, 2021

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

6