# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAY PINEDA,

    Petitioner,

v.

WILLIAM HUTCHINS, et al.,

    Respondents.

Case No. 2:20-cv-02312-GMN-BNW

**ORDER**

This habeas matter is before the Court on *pro se* Petitioner Ray Pineda's Response (ECF No. 9) to the Court's Order to Show Cause (ECF No. 6) as well as his Motion for Appointment of Counsel (ECF No. 7) and Motion to Extend Time (ECF No. 8).

**Background**

Pineda challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County ("state court").[1] A jury found him guilty of second-degree murder with use of a deadly weapon. On October 12, 2000, the state district court entered a judgment of conviction and sentenced him to life with the possibility of parole after 10 years and an equal and consecutive term for the deadly weapon enhancement. Pineda appealed and the Nevada Supreme Court reversed and remanded for a new trial. After being re-tried, a jury convicted Pineda of second-degree murder with use of a deadly weapon. On May 25, 2006, the state entered a judgment of conviction and sentenced him to life with the possibility of parole after 10 years and an equal and consecutive term for the deadly weapon enhancement.

On February 5, 2009, Pineda filed a state postconviction habeas petition. The state district court permitted a late appeal and on July 22, 2013, the Nevada Supreme Court affirmed the

---

[1] Petitioner has attached only some of the written findings of the state courts to his petition. However, the dockets of his criminal action and appeals are available online, and the Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts, which may be accessed by the public online at: www.washoecourts.com and www.caseinfo.nvsupremecourt.us/public/caseSearch.do .

conviction. The state district court denied the remaining claims and on April 15, 2015, the Nevada Supreme Court affirmed the denial of the petition. On May 13, 2015, remittitur issued.

Pineda previously challenged this same judgment of conviction in federal court in 2016. *Pineda v. Williams*, Case No. 3:16-cv-00187-RCJ-WGC (D. Nev.). After granting in part respondents' motion to dismiss finding certain grounds unexhausted, the Court instructed petitioner to choose how to proceed and Pineda filed a motion for stay and abeyance. *Id.* at ECF Nos. 23, 24. The 2016 federal proceeding was dismissed after the Court denied a stay and abeyance and Pineda elected to dismiss his petition in order to return to state court to exhaust his unexhausted claims and on November 6, 2018, the Court dismissed his petition without prejudice. *Id.* at ECF No. 36.

On May 11, 2018, Pineda filed a state habeas petition. The state court denied his state habeas petition as untimely and successive. The Nevada Court of Appeals affirmed finding petitioner failed to demonstrate good cause and actual prejudice. On February 27, 2019, Pineda filed another state habeas petition. The state court dismissed his state habeas petition because he did not indicate that he served the Attorney General's Office or otherwise cure the defect. The Nevada Court of Appeals affirmed. On December 21, 2020, Pineda dispatched the instant federal habeas petition for filing. ECF No. 1.

Given these facts, the Court ordered Pineda to show cause why this action should not be dismissed as untimely. ECF No. 6 at 5. In his response, Pineda did not dispute the "timeline of events." ECF No. 9 at 2. In regard to the 2016 previously filed federal habeas action, *Pineda v. Williams*, Case No. 3:16-cv-00187-RCJ-WGC (D. Nev.), Pineda affirms that he elected to dismiss his petition in order to exhaust his unexhausted claims. *Id*. at 2-3. He further provides that he would not have elected to return to state court to exhaust his unexhausted claims if he had been informed that the state habeas petition was untimely. *Id.* at 3. Pineda represents that he relied on the "inaccuracy of the court's instruction." *Id.* at 9. In addition, Pineda provides that he has been pursuing his rights diligently, but his efforts were impeded because there were numerous incidents where he did not receive his legal mail, including a 2019 state court order instructing Pineda to show proof of service of his state habeas petition. *Id.* at 4-5.

**Discussion**

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitation period for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period, i.e., 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The AEDPA limitation period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period of time between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

As the Court explained in the order to show cause, the limitations period started to run on May 14, 2015, the day following the date that remittitur issued on the Nevada Supreme Court's order affirming the state district court's denial of Pineda's petition. The limitations period expired 365 days later on May 14, 2016. Pineda filed his prior federal habeas action on April 5, 2016. However, no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1007. Accordingly, a federal petition filed after Pineda voluntarily dismissed his prior federal proceeding would be time-barred absent a showing of equitable tolling.

The United States Supreme Court has held that "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). A district court does not err by failing to provide a warning in circumstances present here. *Id.* Upon review

of Pineda's prior federal habeas action, it appears that the court nonetheless advised Pineda "to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition." *Pineda v. Williams*, Case No. 3:16-cv-00187-RCJ-WGC, ECF Nos. 23.

A petitioner may be entitled to equitable tolling if the petitioner is "affirmatively misled" by the district court's instructions. *Brambles v. Duncan*, 412 F.3d 1066, 1070 (9th Cir. 2005). In *Brambles*, the Ninth Circuit on remand concluded that the petitioner was not affirmatively misled notwithstanding the fact that the limitations period for a federal filing had already expired when given the option to dismiss his federal case "without prejudice." *Id.* at 1070. In *Sossa v. Diaz*, the Ninth Circuit concluded that the petitioner was entitled to equitable tolling because he relied on the district court's order extending his habeas filing deadline beyond AEDPA's statutory deadline. 729 F.3d 1225, 1237 (9th Cir. 2013). The petitioner was able to identify an inaccuracy in the court's instructions. *Id.* at 1233.

Pineda cites to *Madrid v. Howell*, Case No. 2:19-cv-01659-APG-NJK (D. Nev.), wherein the court held that the petition was not time-barred and that the petitioner was misled by the wording of the district court's order in a previously filed federal habeas action. The court in *Madrid*, however, found that the court's instruction stating "choosing option 2 will result in a denial of his petition without prejudice to his ability to file a new petition in a separate case" affirmatively led the petitioner to believe, inaccurately, that choosing the option would not hinder his return to federal court. *Id.* at ECF No. 13.

Here, in the 2016 federal habeas action, after the court found the petition to be partially unexhausted, the court instructed Pineda to elect how to proceed from the following three options:

1. Submit a sworn declaration advising the court that he is voluntarily abandoning his unexhausted claims and will proceed on the exhausted claims;

2. Return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. File a motion asking the court to stay and abey his exhausted claims while he returns to state court to exhaust his unexhausted claims.

Case No. 3:16-cv-00187-RCJ-WGC, ECF No. 23.

Pineda filed a motion requesting that the court stay and abey his exhausted claims. *Id.* at ECF No. 24. The court denied the motion for stay and abeyance and instructed Pineda to choose between the remaining two options: "(1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims." *Id.* at ECF No. 29.

Pineda filed a motion to reconsider the court's denial of his motion for stay and abeyance. *Id.* at ECF No. 30. The court denied his motion to reconsider and again instructed Pineda to choose between the remaining two options. *Id.* at ECF No. 32. The court used the same language as the previous order to describe the two remaining options. *Id.* Pineda then filed a sworn declaration informing the court that he "wish[ed] to dismiss this petition without prejudice in order to return to state court to exhaust [his] unexhausted claims." *Id.* at ECF No. 33.

The court's orders in the previously filed federal habeas action did not affirmatively mislead Pineda. The court's orders do not provide inaccurate or misleading information. A petitioner's "misunderstanding of accurate information cannot merit relief." *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (internal quotation omitted); *see also Brambles*, 412 F.3d at 1070–71 (denying equitable tolling where court's statement presented "accurate options available" to petitioner). The language of the orders in Pineda's 2016 habeas action is not similar to the order in *Madrid* that affirmatively stated that the petitioner could elect to dismiss his petition "without prejudice to his ability to file a new petition in a separate case." Case No. 2:19-cv-01659-APG-NJK, ECF No. 13. In addition, the court advised Pineda to become familiar with the limitations period because they may have a direct and substantial effect on the choices that Pineda makes regarding his petition. *Pineda v. Williams*, Case No. 3:16-cv-00187-RCJ-WGC, ECF No. 23.

Accordingly, the Court is not persuaded that Pineda relied on inaccurate or misleading information. Based on these findings, the Court declines to equitably toll the AEDPA statute of limitations. Pineda alleges no other basis for tolling, equitable or statutory, or delayed accrual of

any of his claim. Pineda does not argue that he is actually innocent. As such, the petition is untimely and must be dismissed.

**IT IS THEREFORE ORDERED:**

1. The Clerk of the Court shall file the petition (ECF No. 1-2) and the petition is hereby dismissed with prejudice as untimely.

2. Petitioner's Motion for Appointment of Counsel (ECF No. 7) is denied as moot.

3. Petitioner's Motion to Extend (ECF No. 8) is denied as moot.

4. Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition as untimely to be debatable or wrong.

5. The Clerk of the Court shall enter judgment accordingly and close this case.

DATED: August 18, 2021

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE